HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOUTH BAYVIEW APARTMENTS ASSOCIATES LLP, and PAN PACIFIC PROPERTIES,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL WESTERN INSURANCE COMPANY, HALL-CONWAY-JACKSON, INC., and MYLINDA BEYERS, JERRY BYERS, GIOVANNI OCAMPO, SARA OCAMPO, NINA MILLER, DAVID DOWNS, BRITTNEY WARD, JESSICA FULLER, WAYNE CHRISTENSON and SHANNA SWEET,<br><br>Defendants. | NO. C07-5463 RBL<br><br>ORDER |

This matter is, once again, before the Court on Plaintiffs South Bayview Apartments, Associates and Pan Pacific Properties ("South Bayview")'s Motion for Remand and Request for Fees [Dkt. #10], and Defendant Continental Western Insurance Company ("CWG")'s Motion to Drop Defendant Hall-Conway-Jackson as a Party [Dkt. #7]. The Court has considered the pleadings filed in support of and in opposition to the respective motions and the file herein. For the reasons discussed below, the Court GRANTS South

ORDER
Page - 1

Bayview's Motion for Remand [Dkt. #10], DENIES CWG's Motion to Drop [Dkt. #7], and DENIES all motions for terms and fees.

## I. BACKGROUND

This lawsuit arises out of a June 21, 2005, fire loss which occurred in Westport, Washington. South Bayview owns the apartment building which was damaged in the fire and was insured by CWG when the fire occurred. CWG has allegedly not reached coverage determinations for the majority of the claims submitted by South Bayview; South Bayview seeks damages of approximately $2 million.

On September 1, 2006, South Bayview filed suit in the Superior Court of Washington for Grays Harbor County (case number 06-2-01041-4), solely against CWG, for declaratory relief and damages under the insurance policy issued by CWG. On October 4, 2006, CWG removed the action to this Court on the basis of diversity [Dkt. #1 to 06-05566 RBL]. On October 5, 2006, South Bayview objected to the removal, claiming that South Bayview had filed an amended complaint that added HCJ as a non-diverse defendant [Dkt. #4 to 06-05566 RBL], and moved to remand [Dkt. #5 to 06-05566 RBL]. Notwithstanding this argument, South Bayview filed a voluntary nonsuit [Dkt. #6 to 06-05566 RBL] on October 11, 2006.

The following day, South Bayview filed a new action in the Superior Court of Washington for Grays Harbor County (case number 06-2-10198-4), adding domestic Defendant HCJ and the ten domestic tenant Defendants included in the present suit before this Court. On April 17, 2007, HCJ's counsel advised CWG's counsel that South Bayview's original claim against HCJ (failure to provide a certified copy of South Bayview's policy) was invalid but that, after discussing the case with South Bayview's counsel, HCJ had decided to not actively defend the claim. In response to this conversation with HCJ, on May 21, 2007, CWG filed a Partial Motion for Summary Judgment on behalf of HCJ.[1]

---

[1] HCJ did not join in this motion.

Without leave of court or of Defendants, South Bayview filed their Amended Complaint adding a negligence claim against HCJ on June 6, 2007. The following day, South Bayview filed a Response to CWG's Partial Motion for Summary Judgment in which South Bayview did not object to the entry of partial summary judgment dismissing South Bayview's original claim against HCJ. The same day, CWG removed the matter to this Court, alleging that by not objecting to partial summary judgment, "South Bayview implicitly conceded the frivolousness and impropriety of its claim against HCJ." [Dkt. #5 to 07-05287 RBL at 5]. In an order dated July 11, 2007, this Court granted South Bayview's motion for remand. This Court determined that, while South Bayview had not stated a proper cause of action against the individually named defendants, South Bayview's Amended Complaint stated a potentially actionable claim of negligence against HCJ that defeated diversity.

Upon remand to state court, CWG moved for summary judgment on behalf of HCJ and, alternatively, for an order dropping HCJ from the action pursuant to CR 21 [Dkt. #16, p. 1]. In its response to these motions, HCJ disclosed a June 7, 2007, agreement between HCJ and South Bayview [*Id.* at p. 2]. The Agreement caps South Bayview's recovery at $5,000 in the event that an eventual judgment is entered against HCJ [*Id.* at pp. 4-10].[2] The Agreement also provides that the parties to the Agreement will not seek summary judgment, note, or take any depositions; South Bayview also agrees to dismiss HCJ in the event that a settlement is reached between South Bayview and CWG [*Id.*].

In light of the Agreement, CWG now argues that removal is proper pursuant to 28 U.S.C. § 1446(b) because the Agreement effectively eliminates HCJ from the action and demonstrates that South Bayview has no real intention of prosecuting the action against HCJ.

## II. DISCUSSION

---

[2] In a somewhat humorous turn of events, CWG attempted to tender payment of the $5,000 on HCJ's behalf in an effort to effectuate a "settlement" between South Bayview and HCJ [*See* Dkt. #16, p. 14]. Not surprisingly, South Bayview has not accepted CWG's payment.

### A. Burden of Proof

Any civil action brought in state court is removable if it might have been brought originally in federal court. 28 U.S.C. § 1441(a). If the case stated "by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of . . . [a] paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). If this Court determines that it is without subject matter jurisdiction at any time before the final judgment the action shall be remanded back to the state court. 28 U.S.C. § 1447(c).

Courts should "rigorously enforce" the legislature's animus to delimit federal jurisdiction in diversity cases. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Federal courts strictly construe their limited jurisdiction. *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is a strong presumption against removal jurisdiction: federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant always bears the burden of establishing the propriety of removal. *Duncan*, 76 F.3d at 1485; *Gaus*, 980 F.2d at 566.

### B. Diversity

28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). One exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Fraudulent joinder is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is deemed fraudulent and the defendant's presence in the lawsuit

is ignored for purposes of determining diversity "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*; *see also Martineau v. ARCO Chem. Co.*, 25 F. Supp. 2d 762, 767 (D. Tex. 1998) (holding that to successfully prove that a non-diverse citizen has been fraudulently joined in order to defeat diversity jurisdiction, the removing party must demonstrate that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court) (internal citation omitted). Joinder is also deemed fraudulent where the court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant. *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). However, merely alleging that an action is likely to be dismissed at some future time against the defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Insurance Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1988). "Where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

South Bayview advances a number of theories in support of its Motion to Remand. However, after a thorough review of the record, it is clear that both parties' motions boil down to an essential essence: Does the Agreement between South Bayview and HCJ change the Court's earlier analysis with regard to whether HCJ was fraudulently joined?

The thrust of CWG's argument, both in its Motion to Drop and in its opposition to South Bayview's Motion to Remand, is that the Agreement between South Bayview and HCJ provides clear and convincing evidence that South Bayview indeed has no real intention to pursue its claims against HCJ and that HCJ's continued presence in the action is wholly for the purpose of defeating diversity. As further evidence that South Bayview has no actual desire to recover from HCJ, CWG points to the disparity between South Bayview's potential claimed recovery against HCJ and the capped amount contemplated in

the Agreement. CWG also cites South Bayview's refusal to accept a $5,000 "settlement" provided by CWG on HCJ's behalf.

South Bayview's argument regarding the Agreement is two-pronged. First, South Bayview produces an advice letter from its CPA stating that tax-related benefits will flow to South Bayview in the event of a large, uncollectible judgment obtained against HCJ. Indeed, both parties devote a substantial portion of the briefing in this matter to a discussion of whether such benefits are actually available to South Bayview. Next, South Bayview relies on a case from the Eastern District of Missouri, *Dumas v. Patel*, 317 F.Supp. 2d 1111 (W.D. Mo. 2004), for the proposition that an agreement limiting the recovery from a defendant (or even eliminating the possibility of recovery altogether) does not constitute a settlement such that the defendant is removed from the diversity inquiry. Because the Court is persuaded by the *Dumas* court's reasoning, the Court will not delve into the merits of the tax issue.

*Dumas* involved a wrongful death and products liability action (arising from an automobile accident) that was brought against the non-diverse driver of the other vehicle and the diverse manufacturer of the decedent's vehicle. *Id*. at 1112. The plaintiffs originally filed suit (in state court) only against the driver; however, the plaintiffs entered into an agreement with the driver that precluded "any and all contribution, non-contractual indemnity, or contractual indemnity claims that any defendant may have against [the driver.]" *Id*. at 1114. Plaintiffs also agreed "not to enforce a judgment (or any judgment) against [the driver] as a result of any judgment" the plaintiffs may have received. *Id*. In return, plaintiffs received $50,000 and a promise from the driver to give truthful testimony regarding the accident by deposition and/or at trial. *Id*. at 1115. Plaintiffs then filed suit against the driver (solely for wrongful death) and against the manufacturer for product defect and negligence. *Id*. The manufacturer subsequently sought removal to federal court. *Id*.

After acknowledging that the practical consequences of having the driver remain in the suit was "debatable," the court refused to second-guess the plaintiffs' preference to keep the driver as a co-defendant in court. *Id*. at 1116-17. In remanding the case, the court stated that:

> Absent joinder of all culpable parties in the litigation, it seems possible that the jury might be tempted to limit damages or go off on a tangent in assessing fault. Instructions to disregard [the driver's] responsibility might not be wholly effective ... Since [the driver] remains technically exposed to entry of a judgment for his tortious conduct, ... it is not necessary that plaintiffs continue to seek serious damages from him, or intend to execute on any judgment obtained.

*Id*. at 1117.

The Court finds this reasoning to be sound. As the Court has already determined, South Bayview has stated a proper cause of action against HCJ; its claims are neither frivolous or illegitimate. While the wisdom of the Agreement and the utility of keeping HCJ in the lawsuit is indeed debatable, CWG has not has not met its burden of establishing that HCJ's presence is wholly without merit, and the Court cannot eliminate the possibility of some practical consequence to South Bayview's strategy. Although the court may have doubts about the tactics employed, in light of the strict construction of jurisdiction in diversity cases, this Court will not second-guess South Bayview's motives in the absence of convincing evidence that HCJ's presence in the action is a mere rouse. Consequentially, South Bayview's Motion to Remand is GRANTED.

**C.    Terms and Fees**

South Bayview has prevailed on its Motion for Remand [Dkt. #2] and once again seeks an award of terms and fees pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §§1446(a) and 1447(c). South Bayview argues that CWG's petition for removal was frivolous and not well grounded in existing fact or law and was brought solely for the improper purpose of delaying state court proceedings [Dkt. #10, p. 12].

ORDER
Page - 7

The award of fees on a successful motion for remand is discretionary under Fed. R. Civ. P. 11 and 28 U.S.C. §§1446(a) and 1447(c). The Court must determine whether the defendant had objectively reasonable grounds to believe that removal was proper. *See Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989). The Court has considered CWG's arguments and has determined that CWG's determination that the Agreement would render the action removable was objectively reasonable. Therefore, South Bayview's request for terms and fees is DENIED.

### III. CONCLUSION

South Bayview's Motion For Remand [Dkt. #10] to Grays Harbor County Superior Court is GRANTED. CWG's Motion to Drop [Dkt. #7] is DENIED. All motions for terms and fees are DENIED.

IT IS SO ORDERED.

Dated this 9th day of November, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE